IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES D. HILL, | : | CIVIL ACTION NO. **3:CV-06-1572** |
| Plaintiff | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| RONALD A. LAINO, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

Plaintiff, James D. Hill, an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania ("USP-Allenwood"), filed, *pro se*, the instant civil rights action under *Bivens*[1] pursuant to 28 U.S.C. § 1331 on August 14, 2006. The Plaintiff has also filed an application for leave to proceed *in forma pauperis*. (Doc. 2).[2]

Plaintiff's claim was set forth on a form civil rights complaint which this Court routinely provides to *pro se* litigants. *See* Doc. 1.[3] The Complaint alleges that Defendant Health Care

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

[2] By separate Order, we shall grant Plaintiff's Motion for *in forma pauperis*. (Doc. 2).

[3] In his form Complaint, the Plaintiff indicated that he has fully exhausted the grievance procedure available at USP-Allenwood. (Doc. 1, p. 3, ¶ II. A.-C.). It is well-settled that the Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they

Administrator ("HCA") Ronald A. Laino, and Dr. Carlito Reyes at USP-Allenwood used excessive force on him on January 14, 2005. (Doc. 1, p. 5, ¶ IV. 1.). Plaintiff avers that the stated two Defendants "slammed me down to the floor of their Hospital Infirmary at USP-Allenwood without provocation or justification. They tightened my handcuffs and leg irons too tight, cutting off my circulation." (*Id*.). The Complaint does not assert any serious harm to Plaintiff as a result of the January 14, 2005 incident. Plaintiff also alleges that he "informed HCA Laino and Dr. Reyes that they had reduced my circulation without cause. HCA Laino and Dr. Reyes replied that they did not care and asked what was wrong with me. Each of them also said to me, 'You is a dumb ass nigger.'" (*Id*., ¶ 2.).

The Complaint also names as Defendants Lieutenant Nial and Correctional Officer("CO") Sorensen of U.S.P.-Allenwood prison staff. Plaintiff simply avers that these two Defendants, along with other unidentified officers, "came into the Hospital Infirmary and put there (sic) feet on top of me while HCA Laino and Dr. Reyes tightened my handcuffs and leg irons excessively on the floor." (*Id*., p. 6, ¶ 3.).

The complaint does not sufficiently specify any conduct, wrongful or otherwise, of Defendants Nial and Sorensen. These Defendants, namely Lt. Nial and CO Sorensen, are not alleged to have witnessed Defendants HCA Laino and Dr. Reyes slam Plaintiff to the floor without provocation or to have played any role in the tightening of Plaintiff's handcuffs and leg irons excessively. Nor are these Defendants alleged to have been aware that HCA Laino and Dr. Reyes

---

involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. Further, the Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

were causing Plaintiff any pain. All Defendants are employed at USP-Allenwood. (Doc. 1, p. 4).

Plaintiff alleges only that Defendants Nial and Sorensen arrived at the infirmary, seemingly while Plaintiff was already on the floor, and put their feet on him while Defendants Laino and Dr. Reyes tightened his handcuffs and leg irons. (Doc. 1, p. 6, ¶ IV. 3.). Plaintiff does not aver that he required medical care from the actions of Defendants Laino and Reyes. (*Id.*, pp. 5-6). Nor does Plaintiff allege any serious or permanent injuries. Plaintiff does not claim that Defendants Nial and Sorensen put their feet on top of him with excessive force so as to cause him any pain or injuries. Plaintiff does not state that Defendants Nial and Sorensen were even aware that the other two Defendants were tightening his handcuffs and leg irons excessively.

As relief, Plaintiff seeks compensatory and punitive damages. (*Id.*, pp. 6-7, ¶ V.).

## II. PLRA.

We now review the Plaintiff's pleading and find that it contains fatal deficiencies, namely the failure to state an Eighth Amendment deliberate indifference claim and excessive force claim against Defendants Nial and Sorensen. We also find that Plaintiff should be allowed to proceed with respect to his excessive force claim against Defendants Laino and Dr. Reyes.

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995,[4] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to

---

[4]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

28 U.S.C. § 1915.[5]  Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the Complaint under 28 U.S.C. §1915(e)(2)(B), we have determined that the Plaintiff is unable to maintain this action as against Defendants Nial and Sorensen.  We find that Plaintiff states an Eighth Amendment claim against Defendants Laino and Dr. Reyes.

### III.  Section 1331 Standard.

Under *Bivens*, the District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor under *Bivens, supra*. Pursuant to *Bivens*, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).  A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held

---

[5]The Plaintiff completed an application to proceed *in forma pauperis* and authorization to have funds deducted from his prison accounts.  The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account.  (Docs. 7, 8 and 9).

to apply. *See, Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200 n. 16 (M.D. Pa. 1992). In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young v. Keohane*, 809 F.Supp. 1185, 1199 (M.D. Pa. 1992).

**IV. Motion to Dismiss Standard.**

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

**V. Discussion.**

In his Complaint, as stated, Plaintiff does not allege any injuries with respect to Defendants Nial and Sorensen's actions. As to Defendants Laino and Dr. Reyes, Plaintiff states that they tightened his handcuffs and leg irons excessively cutting off his circulation. Plaintiff does not not indicate how long he endured pain or if he suffered any temporary or permanent injuries as a result of this conduct. Plaintiff does not claim that Defendants Nial and Sorensen were aware that he was

slammed to the floor by the other two Defendants or that they were excessively tightening his restraints. Plaintiff's allegations do not indicate that Defendants Nial and Sorensen were deliberately indifferent to any use of excessive force on him by the other Defendants.

Also, Plaintiff does not claim that Defendants Nial and Sorensen assaulted him other than putting their feet on him while the other two Defendants tightened his restraints. Plaintiff does not claim that he told Defendants Nial and Sorensen he was in pain and that they refused to assist him to stop any excessive force. Plaintiff does not claim that Defendants Nial and Sorensen caused him any injuries or that they refused to allow him to be medically treated after the incident in question. Plaintiff does not claim that these two Defendants were aware at any time that his circulation was being cut off or that they had any knowledge that the restraints were being tightened excessively.

The allegations in Plaintiff's Complaint do not support Plaintiff's present Eighth Amendment claim as against Defendants Nial and Sorensen. Further, Plaintiff's own allegations do not show that the two stated Defendants denied him necessary medical treatment following the incident or that he suffered any sufficiently serious conditions as a result of their conduct to establish an Eighth Amendment claim. Finally, the Plaintiff has not properly alleged that Defendants Nial and Sorensen were deliberately indifferent to his safety or that they personally used force on him was not needed. Nor does Plaintiff claim that they were ever aware that the force used on him by Defendants Laino and Dr. Reyes was excessive and caused him pain. Thus, we fail to see how Defendants Nial and Sorenson can be claimed to have been deliberately indifferent to Plaintiff's condition.

As discussed, in Plaintiff's present pleading, he does not state that he suffered any injuries caused by Lt. Nial and CO Sorensen. Further, Plaintiff does not claim that any Defendant caused

him any injuries requiring medical attention. Also, as stated, Plaintiff does not claim that Defendants Nial and Sorensen were even aware that the other two Defendants had slammed him to the floor and were excessively tightening his restraints. Consequently, based on the present pleading, the Plaintiff has failed to allege an Eighth Amendment violation by Defendants Nial and Sorensen. Plaintiff's Eighth Amendment claim as to Defendants Laino and Dr. Reyes should proceed at this juncture, despite the lack of any allegation of serious injury caused by them.

Moreover, Plaintiff does not allege with sufficient specificity the personal involvement of Defendants Nial and Sorensen who admittedly did not participate in the slamming of Plaintiff to the floor and who did not witness it. As discussed, Plaintiff does not adequately state what these two Defendants did to violate his Eighth Amendment rights. Plaintiff simply avers that "they put there feet on top of me while HCA Laino and Dr. Reyes tightened my handcuffs and leg irons excessively on the floor." (Doc. 1, p. 6, ¶ IV. 3.). There is no mention of when they arrived or what they witnessed. There is no indication what these two Defendants were doing at the relevant time, and if and how they could have intervened. Nor is there any claim by Plaintiff that he asked them to help him and they refused knowing that he was in pain. Liability may only be based upon the Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825 (1994) *citing Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976).

As the Court in *Bright v. Gillis*, 89 Fed. Appx. 802, 805 (3d Cir. 2004) stated:

> A plaintiff is required to give fair notice of a claim and cite the grounds upon which it rests. Fed.R.Civ.P. 8(a)(2); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *see also Menkowitz v. Pottstown Mem'l Med. Ctr.,* 154 F.3d 113, 124 (3d Cir.1998) (explaining that plaintiff must plead *inter alia* "the material points necessary to sustain recovery"). [Plaintiff] Bright gave no fair notice that any defendant other than Kessling, Cerelli, and Fujimoto participated in the alleged beating.

The *Bright* Court also stated the factors in establishing an Eighth Amendment excessive force claim against prison staff:

> a number of factors bear on an excessive force determination, including: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response." *Brooks v. Kyler,* 204 F.3d 102, 106 (3d Cir.2000) (citing *Whitley v. Albers,* 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).

*Id*.

The Court in *Wesley v. Dombrowski*, 2004 WL 1465650 *6 (E.D. Pa.), stated:

> "The core inquiry in claims of excessive force is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm'." (Citing *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)).

The *Wesley* Court also stated:

> While the Eighth Amendment's proscription against cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force if the use of force is not of a sort "repugnant to the conscience of mankind," to state a claim, the plaintiff need only allege that force was maliciously applied to cause harm." *Id*. (Citation omitted).

*Id*.

The Court in *Eppers v. Dragovich*, 1996 WL 420830 (E.D. Pa.), stated:

> "In *Hudson*, the Supreme Court held that an inmate need not suffer a serious injury in order for the excessive use of force to violate the Eighth Amendment. However, the Court also recognized that not "every malevolent touch by a prison guard gives rise to a federal cause of action," and reaffirmed that the Eighth Amendment's prohibition of cruel and unusual punishment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" (citing *Hudson, supra* at 9).

With respect to Plaintiff's claim against Defendants Nial and Sorensen, who did not allegedly fail to intervene to stop a known situation in which excessive force was being used on Plaintiff by HCA Laino and Dr. Reyes, the Plaintiff has not alleged their deliberate indifference. With respect to Defendants Nial and Sorensen, Plaintiff has not alleged a use of force that was repugnant to the conscience of mankind.

The Court in *Moon v. Dragovich*, 1997 WL 180333 *4 (E.D. Pa.), stated the standard as follows:

> The Supreme Court has differentiated between excessive force cases and cases in which prison officials fail to prevent harm in determining the proof required to meet the two prongs of an Eighth amendment violation. *Compare Farmer,* 114 S.Ct. at 1977 ("For a claim ... based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."); *id.* at 1979 (prison official must be deliberately indifferent to substantial risk of harm); *with Hudson v. McMillian,* 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) ("[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial standard is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."); *id.* at 9 (objective prong can be established even if excessive force does not cause serious harm). Whether the court judges Thomas' conduct under the failure to prevent harm rubric or the excessive force rubric, [FN3]

9

> Moon must show that he has suffered more than *de minimis* harm:
>
>> Not ... every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort " 'repugnant to the conscience of mankind.' "

*Hudson,* 503 U.S. at 9; *see also Farmer,* 114 S.Ct. at 1977 (requiring risk of *serious* harm).

FN3. Most cases that have considered the application of the Eighth Amendment to a prison guard's failure to intervene to protect an inmate from injury inflicted by other prison guards have concluded that such conduct must be judged under *Farmer*'s deliberate indifference standard. *See Burgess v. Moore,* 39 F.3d 216, 218 (8th Cir.1994) (deliberate indifference standard applies when guards fail to intervene in attacks by other guards); *Buckner v. Hollins,* 983 F.2d 119, 122-23 (8th Cir.1993) (same); *cf. Urrutia v. Harrisburg County Police Dept.,* 91 F.3d 451, 456 (3d Cir.1996) (noting that deliberate indifference standard should apply to claims that prison officials failed to protect inmate from violent attack whether or not the attack comes from another inmate).

> The *Moon* Court further stated:
>
>> The lack of any injury whatsoever generally precludes a plaintiff from recovering under the Eighth Amendment. *See Harvin v. Post,* Civ. No. 95-7888, 1997 WL 116985 at *5 (E.D.Pa. Mar.7, 1997); *McKinney v. Kingston,* Civ. No. 95-7280, 1997 WL 9794 at *3 (E.D.Pa. Jan.6, 1997); *Robinson v. Link,* Civ. No. 92-4877, 1994 WL 463400 at *1 (E.D.Pa. Aug.25, 1994); *see also Norman v. Taylor,* 25 F.3d 1259, 1263-64 (4th Cir.1994) (en banc), *cert. denied,* 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995); *Cummings v. Malone,* 995 F.2d 817, 822-23 (8th Cir.1993); *Jackson v. Culbertson,* 984 F.2d 699, 700 (5th Cir.1993) (per curiam). [FN4]

FN4. Our court of appeals has not had the opportunity to interpret the meaning of the "*de minimis*" language in *Hudson*. I find the reasoning of *Norman v. Taylor,* 25 F.3d 1259 (4th Cir.1994) (*en banc*), *cert. denied,* 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995), persuasive and therefore hold that "absent extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is determined to be *de minimis*." *Id.* at 1263.

*Id.* * 5.

The Eighth Amendment requires that the official must know of and disregard an excessive risk to inmate health or safety. *Farmer,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. "The question...is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer*, 511 U.S. at 843.

Here, Plaintiff alleges that he suffered a reduction of circulation in his hands and legs as a result of Defendants Laino and Dr. Reyes' conduct.  He does not allege to have suffered any injury from the actions of Defendants Nial and Sorensen.  There were no injuries to Plaintiff caused by the alleged use of force by Defendants Nial and Sorensen.  Further, the alleged conduct of these two Defendants of putting their feet on Plaintiff while the other two Defendants tightened his restraints are not sufficiently serious to constitute an Eighth Amendment violation.  In fact, Plaintiff only alleges a *de minimis* injury as a result of the use of force on him by Defendants Laino and Dr. Reyes.  *See Moon, supra.* Plaintiff does not allege that he needed any medical attention or treatment after the incident.  As mentioned, Plaintiff cannot succeed on an Eighth Amendment excessive force claim if he suffered only *de minimis* injury. *Id*.

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  They are not, however, free to ignore the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds

11

upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[6] a civil rights complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction, we find that Plaintiff's complaint fails to allege an Eighth Amendment violation by Defendants Nial and Sorensen. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Complaint alleges only a *de minimis* injury with which the stated two Defendants had no personal involvement. Plaintiff fails to make a claim showing that Defendants Nial and Sorensen's alleged conduct violates the Eighth Amendment based on the standards discussed above. Accordingly, we shall recommend that this case be dismissed as to Defendants Nial and Sorensen, and that it proceed with respect to the Eighth Amendment

---

[6]In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id* at 167.

excessive force claim against Defendants Laino and Dr. Reyes.[7]

**VI. Recommendation.**

Based on the above, it is respectfully recommended that this case be dismissed as to Defendants Nial and Sorensen, as the Plaintiff has failed to state a claim under the Eighth Amendment against these Defendants. It is recommended that this case proceed as to the Plaintiff's Eighth Amendment excessive force claim against Defendants Laino and Dr. Reyes. It is further recommended that this case be remanded to the undersigned for further proceedings.


			**s/ Thomas M. Blewitt**
			**THOMAS M. BLEWITT**
			**United States Magistrate Judge**

**Dated: September 6, 2006**

---

[7]Notwithstanding the Plaintiff's *pro se* status and our finding that his § 1331 claim is insufficient as to Defendants Nial and Sorensen, we do not recommend that he be permitted to amend his Complaint to include more specific facts against these Defendants, since we find that the Plaintiff's claim against the stated Defendants fails to state a constitutional violation under the Eighth Amendment. Thus, we find futility of any amendment of this claim as to Defendants Nial and Sorensen, and we shall not recommend Plaintiff be granted leave to amend his pleading. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES D. HILL, | : | CIVIL ACTION NO. **3:CV-06-1572** |
| Plaintiff | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| RONALD A. LAINO, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **September 6, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 6, 2006**